**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-816C

(Filed: August 8, 2016)

|  |  |  |
|---|---|---|
| ANNAMALAI ANNAMALAI, | ) ) ) | Pro Se; RCFC 59(e) Motion to alter or amend judgment. |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) |  |
| Defendant. | ) ) ) |  |

**FILED**

**AUG - 8 2016**

U.S. COURT OF
FEDERAL CLAIMS

Annamalai Annamalai, Marion, IL, pro se.

David A. Levitt, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant.

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

CAMPBELL-SMITH, Chief Judge

On August 3, 2016, plaintiff filed a motion "for clarification of order… to alter/amend the order/judgement and request for an emergency oral - evidentiary hearing." Pl.'s Mot., ECF No. 7. Generally, plaintiff requests that the court reverse the entry of final judgment and allow his case to continue. Id. Due to the nature of the motion, the court construes it as a motion pursuant to Rules 59(e) of the Rules of the United States Court of Federal Claims (RCFC) seeking to alter or amend the judgment in accordance with the court's July 19, 2016 order dismissing plaintiff's complaint. Order or Dismissal 4, ECF No. 5, J. entered July 21, 2016, ECF No. 6; see also White v. New Hampshire Dep't of Emp't Sec., 455 U.S. 445, 451 (1982) (construing a post judgment motion to be related to the merits under Rule 59(e) of the Rules of Federal Civil Procedure ("Fed. R. Civ. P.")); Maxus Energy Corp. v. United States, 31 F.3d 1135, 1139 (Fed. Cir. 1994) (regarding a motion seeking a substantive change in the judgment, filed shortly after entry of judgment, as a 59(e) motion) (citing Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1562 (Fed. Cir. 1994)).

Rule 59 "must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." Lone Star Indus., Inc. v. United States, 111 Fed. Cl. 257, 259 (2013) (quoting Fru-Con Constr. Corp., 44 Fed. Cl. at 300). Reconsideration of a final judgment under RCFC 59(e) requires "'a showing of extraordinary circumstances to justify relief.'... appropriate primarily on grounds of '(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.'" Wolfchild v. United States, 101 Fed. Cl. 92, 95–96 (2011) (citations omitted).

In his August 3, 2016 motion, plaintiff does not argue that there has been an intervening change in the controlling law. Nor does he argue that there is an availability of previously unavailable evidence. Rather, plaintiff asserts that the court erred by dismissing his complaint as frivolous and violative of the July 16, 2015 Judgment and Commitment Order issued by the Northern District of Georgia. Pl.'s Mot 1 ¶¶1-3; see also Order of Dismissal 2 (citing United States v. Annamalai, No. 1:13-CR-437-1 (N.D. Ga., July 16, 2015)). Plaintiff additionally asserts that the denial of his motion will harm him financially. Pl.'s Mot., passim.

Plaintiff has reasserted the same arguments he made in his complaint and has failed to establish any manifest injustice that is obvious "almost to the point of being indisputable." Bowling v. United States, 93 Fed. Cl. 551, 562 (2010) (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006)). Plaintiff's insistence that the court erred in finding his complaint frivolous is undercut by the complaint's striking similarity to another complaint he filed in district court that also was dismissed as frivolous. See e.g., Annamalai v. Reynolds, No. 1:16-CV-1373-TWT (N.D. Ga., July 8, 2016) (adopting magistrate judge's recommendation to dismiss and deeming plaintiff a "serial frivolous filer").

Because plaintiff has not established an extraordinary circumstance of clear error or manifest injustice that would warrant alteration of the final judgment of the court, the motion is **DENIED**.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge